IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| BARBARA ANN ANSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:13cv297-WC |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Plaintiff, Barbara Ann Ansley, applied for disability insurance benefits, but her application was denied at the initial administrative level. As a result, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which she found Plaintiff "not disabled" at any time through the date of the decision. Plaintiff then sought review from the Appeals Council, but that request was rejected. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 9); Def.'s Consent to Jurisdiction (Doc. 10). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

> answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was fifty-one years old on the alleged disability onset date and had a limited education. Tr. 25. Plaintiff's past relevant work was as a child care worker and house cleaner. *Id*. Following the administrative hearing, and employing the five-step process, the ALJ found that Plaintiff "has not engaged in substantial gainful activity since . . . the alleged onset date." (Step 1) Tr. 21. At Step 2, the ALJ found that Plaintiff suffered from the following severe impairments: "lower back pain, insomnia, post traumatic stress disorder (PTSD), and dysthymic disorder." *Id*. At Step 3, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or medically equal any listed impairment. *Id*. Next, the ALJ found that Plaintiff retained the RFC to perform

> less than a full range of light work as defined in 20 CFR 404.1567(b). The claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can sit and stand for six hours out of an eight-hour workday. The claimant requires a one hour interval for a sit/stand option. The claimant is able to occasionally climb stairs and ladders. The claimant is restricted to work that does not require work around hazardous machinery, at unprotected heights, or on vibrating surfaces. Moreover, the claimant can perform work that is limited to simple, routine, and repetitive tasks or instructions and does not require close coordination or interaction with the general public (rare interaction).

Tr. 23. Following the RFC determination, the ALJ found that Plaintiff could not perform her past relevant work. (Step 4) Tr. 25. At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national

economy that the claimant can perform." Tr. 25. The ALJ identified the following occupations as examples: "silverware wrapper," "remnant sorter," and "garment folder." Tr. 26. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from [the alleged onset date], through the date of th[e] decision." *Id*.

## IV. PLAINTIFF'S CLAIMS

Plaintiff requests the court reverse the ALJ's decision because: (1) "the ALJ's determination that Dr. Stewart's medical opinions did not preclude work activity lacks the support of substantial evidence"; and (2) "the ALJ's physical RFC determination lacks the support of substantial evidence because there is no evidence on the record to explain the ALJ's assessment of [Plaintiff's] limitations." Pl.'s Br. (Doc. 12) at 3. Both of these claims assert that the ALJ's determinations lack substantial evidence. Thus, as the court approaches Plaintiff's arguments, it keeps in mind that the ALJ's decision need not be supported by a preponderance of the evidence to be upheld.

## V. DISCUSSION

### A. *The ALJ's Determination that Dr. Stewart's Opinions did not Preclude Work Activity.*

Doctor Jay Stewart, Ph.D., a consultative examiner, examined Plaintiff and returned a diagnostic impression of Posttraumatic Stress Disorder and Dysthymic Disorder. Tr. 188. Doctor Stewart opined that Plaintiff appeared "to have limitations with the interpersonal skills required to relate to others in a work setting" and that her

6

"[p]rognosis [was] guarded for a favorable response to treatment within the next 6 to 12 months." Tr. 187.  It is to these opinions that Plaintiff points and argues that because the ALJ assigned doctor Stewart's opinions substantial weight, the ALJ erred in failing to include in the RFC, and/or in the hypothetical question to the VE, any limitations with respect to interactions with coworkers.

While the RFC does include limitations with respect to Plaintiff's interactions with the general population, it does not include limitations with respect to interactions with coworkers.  The question presented to the court is whether such a determination by the ALJ, in light of doctor Stewart's opinions, is supported by substantial evidence.  The court finds that it is.

First, with respect to doctor Stewart's opinions, the court does not read the opinion as broadly as Plaintiff.  That is, doctor Stewart does not narrow his opinion regarding Plaintiff's interpersonal skills limitations to preclude all work activity.  The RFC's limitations regarding interaction with the general public certainly encompass doctor Stewart's concerns.

Second, as the Commissioner points out, doctor Stewart was a consultative examiner, not a treating physician, thus his opinion was given substantial, but not controlling weight. Def.'s Br. (Doc. 16) at 7.  Therefore, the ALJ was not under the same requirements regarding the acceptance or rejection of doctor Stewart's opinion.  Further, doctor Estock, whose opinion the ALJ's gave "some weight," opined that Plaintiff's

7

difficulties only extended to "contact with the public," which he believed Plaintiff could tolerate so long as it was "non-intensive," and that Plaintiff was "not significantly limited" with regard to social interaction. Tr. 213-24.

Thus, in light of the fact that doctor Stewart did not specifically address whether Plaintiff's social interaction limitations were directed at the public or at coworkers and he did not opine that the limitations would preclude work activity, and considering doctor Estock's opinions, the court cannot agree that the ALJ's determinations lacked substantial evidence. Plaintiff's reliance on this court's decision in *Teague v. Colvin*, 1:12CV64-WC, 2013 WL 4529660 (M.D. Ala. Aug. 26, 2013), is misguided. In that case, the opinion from the doctor to whom the ALJ had accorded great weight had included specific limitations following the Psychiatric Review Technique Form that were not addressed by the ALJ and no reason had been given for the admission. Here, where doctor Stewart made a generalized opinion on Plaintiff's limitations and where another doctor had opined to the specifics of such a limitation, the ALJ was free to piece the two opinions together to formulate the limitation in the RFC. Accordingly, the court finds no error.

    *B.*    *The Physical RFC Determination.*

Secondly, Plaintiff challenges whether substantial evidence supports the physical RFC determination by arguing that "there is no evidence on the record to explain the ALJ's assessment of [Plaintiff's] limitations." Pl.'s Br. (Doc. 12) at 7. Plaintiff asserts that "[i]n fact, no treating, examining, or non-examining physician of record expressed medical opinions regarding the functional restrictions imposed by [Plaintiff's] medically severe impairments." *Id*. As the Commissioner points out, this assertion is mistaken, as Doctor Waldrup, a non-examining physician, opined in April of 2011 that "there is no objective medical evidence that would support a severe impairment." Tr. 197. Clearly, in finding that Plaintiff suffered the severe impairment of lower back pain, the ALJ went beyond doctor Waldrup's determination and gave Plaintiff the benefit of the doubt. This obviously caused Plaintiff no harm.

Moreover, the ALJ specifically discussed Plaintiff's visits to the Chattahoochee Valley Family clinic and her treatments for back pain and that her physical examinations there were normal. Tr. 23-24. The ALJ also discussed doctor Williams's physical examinations of Plaintiff, wherein the doctor noted that despite Plaintiff's complaints of pain, she was not in any acute distress, she was able to perform physical lifting tasks, household chores, and, in the case of his last examination, she was physically relatively normal. Tr. 24. Thus, the physical limitations included in the RFC were included beyond the medical opinion of record and done so in Plaintiff's favor and she can show no harm.

Accordingly, the court finds that substantial evidence does support the ALJ's physical RFC determination and there was no error.

## VI. CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 30th day of April, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE